# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**OMAR HARVEY,**                    )
                                    )
        **Plaintiff,**        )
                                    )
    **v.**                        )     **Civil Action No. 13-1957 (RMC)**
                                    )
**NANCY BERRYHILL,**                )
**Acting Commissioner of Social Security,**  )
                                    )
        **Defendant.**        )
_____    )

## MEMORANDUM OPINION

In 2013, Omar Harvey sued the Acting Commissioner of Social Security under 42 U.S.C. § 405(g) seeking remand for an administrative hearing on his eligibility for benefits. Mr. Harvey's claims survived a motion to dismiss and, on a motion by the Government, this Court remanded for administrative proceedings under sentence six of 42 U.S.C. § 405(g), retaining jurisdiction. Mr. Harvey's case was reviewed by the Commissioner of the Social Security Administration who determined that he was entitled to benefits. The parties jointly moved for the Court to enter judgment in favor of Mr. Harvey based on the finding of the Administrative Law Judge (ALJ) on remand. The Court denied that request and instead dismissed the case as moot. Counsel for Mr. Harvey now move for fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), which the Court will award.

## I.  BACKGROUND

The background concerning Mr. Harvey's dispute with the Social Security Administration (SSA) and failure by the Commissioner to review his application for fees properly is discussed at length in the Court's decision on the motion to dismiss and will not be repeated here. *See Harvey v. Colvin*, No. 13-1957, 2015 WL 4078223 (D.D.C. July 1, 2015).

Following the Court's denial of the Commissioner's motion to dismiss, the Commissioner

moved for remand under sentence six of the Social Security Act § 405(g), which permits the

Court, "on motion of the Commissioner made for good cause shown before she files her answer,

[to] remand the case to the Commissioner for further action."  42 U.S.C. § 405(g); *see also*

*Melkonyan v. Sullivan*, 501 U.S. 89, 101 n.2 (1991); *Shalala v. Schaefer*, 113 S. Ct. 2625, 2629

n.2 (1993).  The Court granted the Commissioner's request for remand and remanded the case to

the Commissioner to consider Mr. Harvey's petition for benefits fully.  *See* Order on Remand

[Dkt. 30].

At the same time, the Court required that an administrative hearing be held no

later than two months after remand and notice of a decision be given to the Court no later than 14

days after it issued.  *Id*.  On January 26, 2016, the parties informed the Court that the ALJ

"issued a partially favorable decision . . . on Plaintiff's claim for benefits" and, after the time for

appeal had lapsed, the parties would move to dismiss the case.  Joint Status Report [Dkt. 31].  On

April 26, 2016, the parties filed a Joint Motion for Entry of Final Judgment in Mr. Harvey's

favor.  *See* Joint Mot. for Entry of Final Judgment [Dkt. 35].  In the Joint Motion the parties

requested that "[b]ecause Mr. Harvey obtained a favorable decision from the Commissioner on

remand and because he has now received an Amended Notice of Award calculating benefits with

respect to the correct application date . . . Judgment be entered in Mr. Harvey's favor."  *Id*. at 3.

The Court declined to enter judgment in the case, instead dismissing the case as

moot because Mr. Harvey received the remedy he requested, an administrative hearing.  *See*

Order on Judgment [Dkt. 36].  The Court noted that Mr. Harvey was successful on remand and

that the parties had originally informed the Court they would be seeking dismissal based on the

successful result.  The Court also specified that "[t]his ruling does not prejudice Mr. Harvey's

ability to request attorneys' fees," *id*. at 2, and specifically noted that "[t]he D.C. Circuit has several times held that 'the subsequent mootness of a case does not necessarily alter the plaintiffs' status as prevailing parties.'" *Id*. at 3 n.1 (quoting *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 947 (D.C. Cir. 2005)).

On May 25, 2016, Mr. Harvey submitted an Application for Award of Attorneys' Fees, *see* Fee App. [Dkt. 38], with a supporting Memorandum. *See* Mem. in Support of Fee App. [Dkt. 39] (Fee Mem.). The Commissioner opposed the award of fees, *see* Opp'n [Dkt. 40]; and Mr. Harvey replied. *See* Reply [Dkt. 41]. The motion is ripe for review.

## II. LEGAL STANDARD

The EAJA provides that:

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus the test for eligibility of a fee award requires a court to find (1) the claimant prevailed, (2) costs were incurred, (3) the government's position was not "substantially justified," and (4) no special circumstance makes the award unjust. *See INS v. Jean*, 496 U.S. 154, 158 (1990).

To be a prevailing party, the claimant must show "a court-ordered 'chang[e] [in] the legal relationship between [the plaintiff] and the defendant." *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 604 (2001). A prevailing party is "one who has been awarded some relief by the court." *Id*. at 603 (adding that the party must "receive at least some relief on the merits"). However, a party is not prevailing "merely by

virtue of having 'acquired a judicial pronouncement that the defendant has violated the Constitution unaccompanied by "*judicial* relief.""" *Thomas v. Nat'l Science Found.*, 330 F.3d 486, 493 (D.C. Cir. 2003) (quoting *Buckhannon*, 532 U.S. at 606). The party must have received at least some of the relief that was sought. *See id.* Subsequent mootness of the case or issue does not necessarily alter a plaintiff's status as a prevailing party, if the relief granted was "concrete and could not be reversed despite a subsequent finding of mootness." *Id.* (noting that an injunction was sufficient to show prevailing party status because it "gave the plaintiffs the precise relief that they had sought"); *see also Nat'l Black Police Ass'n v. D.C. Bd. of Elections & Ethics*, 168 F.3d 525, 528 (D.C. Cir. 1999); *Grano v. Barry*, 783 F.2d 1104, 1108-09 (D.C. Cir. 1986). Therefore, final judgment on the merits is not necessary to qualify as a "prevailing party." *Select Milk Producers*, 400 F.3d at 945 ("Although *Buckhannon* decisively rejected the 'catalyst theory,' the Court clearly did not adopt a rule that plaintiffs could only be deemed 'prevailing parties' for fee-shifting purposes if they obtained a final judgment on the merits of a suit."). There must be "an enforceable alteration of the legal relationship of the parties." *Buckhannon*, 532 U.S. at 622.

If a court finds that a plaintiff prevailed, the burden shifts to the government to show its position was substantially justified. *See Lundin v. Mecham*, 980 F.2d 1450, 1459 (D.C. Cir. 1992). A position is substantially justified if it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). While no arguments that are frivolous, foolish, egregious, or extreme are considered substantially justified, not all arguments that are not frivolous, foolish, egregious, or extreme are substantially justified. *See Halverson v. Slater*, 206 F.3d 1205, 1210 (D.C. Cir. 2000).

The Court also notes that on a sentence six remand under 42 U.S.C. § 405(g), the claimant is entitled to attorneys' fees for the district court litigation and the remanded proceeding if the claimant prevails on remand. *See Outlaw v. Chater*, 921 F. Supp. 13, 16 (D.D.C. 1996) (finding counsel is not entitled to fees for work done before the SSA prior to filing the Complaint or for work done during remand to the SSA if remanded under sentence four of 42 U.S.C. § 405(g)); *see also Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006) (finding attorneys' fees are available for counsel on remand under sentence six of § 405(g)). Remanding on sentence six alone is not sufficient to make the claimant a prevailing party, but "the result of subsequent administrative proceedings is sufficient to confer prevailing party status upon that same litigant." *Marshall*, 444 F.3d at 842; *see also Roberts v. Harvey*, 468 F. Supp. 2d 147, 149 (D.D.C. 2007) (quoting *Envtl. Def. Fund, Inc. v. Reilly*, 1 F.3d 1254, 1257 (D.C. Cir. 1993) ("Accordingly, in general, 'a plaintiff that has obtained a remand for further proceedings is not at that point a "prevailing party" for the purpose of collecting its attorney's fee. Only if it ultimately succeeds on the merits of its underlying claim may it be awarded the attorney's fee it incurred in obtaining the remand.'")). When a case returns from sentence six remand with a decision favorable to the claimant, courts typically enter judgment in favor of the claimant and, at that point, the claimant is considered a prevailing party. *See Marshall*, 444 F.3d at 842; *see also Jackson v. Chater*, 99 F.3d 1086, 1097 (11th Cir. 1996) ("Because [claimant] succeeded on remand, at least in part on sentence-six grounds, judgment must be entered in his favor by the district court, and [claimant] will be a prevailing party under that judgment.").

# III.  ANALYSIS

## A.  Eligibility for EAJA Attorneys' Fees Award

### 1.  Prevailing Party

Mr. Harvey argues he is the prevailing party because he received a sentence six remand from the District Court and prevailed in the remanded proceeding before the SSA, receiving the disability benefits he claimed he was owed.  *See* Fee Mem. at 6-7.  The Commissioner responds that Mr. Harvey is not the prevailing party because the Court did not enter a judgment on the merits or a consent decree, as required under *Buckhannon* and applied by the D.C. Circuit in *Thomas v. National Science Foundation*, 330, F.3d 486 (D.C. Cir. 2003).  *See* Opp'n at 3-7.  The Commissioner stresses that a favorable decision in the remand proceeding is not sufficient to attain "prevailing party" status, but that Plaintiff must have an enforceable judgment on the merits.  *Id*. at 4.  Therefore, because this Court did not grant the parties' *joint* motion to affirm the proceedings below, Mr. Harvey is not a prevailing party and is not entitled to EAJA attorneys' fees.  The Commissioner further argues that the order remanding the proceeding under sentence six of § 405(g) is not a final judgment on the merits and, therefore, also does not make Mr. Harvey a prevailing party.  *See id*. at 5.

There is no dispute that when a case is remanded under sentence six of § 405(g) and the claimant prevails on remand, a court may enter judgment in Plaintiff's favor and award fees for the proceeding in district court as well as the remand proceeding.  *See Outlaw*, 921 F. Supp. at 16; *Marshall*, 444 F.3d at 840.  Mr. Harvey's case was remanded under sentence six and he prevailed on remand.  The parties' joint motion to affirm the decision of the ALJ indicates that the parties agreed that Mr. Harvey was the prevailing party and asked this Court to affirm that judgment.  *See* Joint Mot. for Entry of Final Judgment.  The Commissioner now argues that this Court's dismissal rendered Mr. Harvey non-prevailing.

The Court specifically noted in its order dismissing the case as moot that it was not intended to affect the ability to award fees. Upon closer review of case law surrounding the award of attorneys' fees in these circumstances, it is apparent that the specific form of the conclusion of a Social Security benefits case after sentence six remand determines the availability of fees. Because this Court's dismissal clearly intended to admit Mr. Harvey's fee petition but seems to have unintentionally barred it—contrary to the parties' expectations reflected in the joint motion—, the Court will correct its error and vacate the prior order dismissing the case as moot and grant the joint motion to affirm the ALJ's decision pursuant to Rule 60.

"The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). Within a reasonable time of a judgment or order, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b). The Court finds that it was a mistake arising from oversight to dismiss the case as moot, *see* Order on Judgment [Dkt. 36], which it will vacate, and the joint motion to affirm the decision of the ALJ, *see* Joint Mot. for Entry of Final Judgment [Dkt. 35], shall be granted. Notably, the Commissioner conceded that Mr. Harvey prevailed by joining the motion to affirm the decision below. By granting the motion to affirm the ALJ's decision, the Court provides a court-ordered change in status that demonstrates Mr. Harvey's position as prevailing party and entitlement to fees.

*2. Costs Incurred*

The parties do not dispute that costs were incurred by Mr. Harvey's counsel during both the district court litigation and the proceeding after remand to the Social Security Administration.

*3. Was the Commissioner's Position Substantially Justified?*

Mr. Harvey argues the Commissioner's position was not substantially justified because the ALJ clearly violated his constitutional rights to a hearing and violated Social Security Administration practices and procedures related to administrative proceedings by:

> (1) recommend[ing] that Mr. Harvey withdraw his hearing request without giving him the opportunity to present evidence or testimony about his medical history;
>
> (2) fail[ing] to inform Mr. Harvey of the adverse consequences of withdrawing his hearing request;
>
> (3) exclude[ing] Mr. Harvey from key discussions about the merits of this case; and
>
> (4) direct[ing] that critical administrative proceedings not be recorded, in direct violation of SSA regulations.

Fee Mem. at 9. Mr. Harvey further notes this Court's reference in its Memorandum and Opinion on Defendant's Motion to Dismiss that Mr. Harvey made colorable claims of constitutional due process violations and that the ALJ's behavior during the proceeding was troublesome. *See* Mem. Op. on MTD [Dkt. 25] at 17-21.

The Commissioner responds that its position in Mr. Harvey's case was substantially justified because it had a "reasonable basis in law and fact" and was a position that "a reasonable person could think [was] correct." Opp'n at 8 (citing H.R. Rep. No. 1418, 96th Cong., 2d. Sess. 10, reprinted in 1980 U.S. Code Cong. & Ad. News 4984, 4989 and *Pierce v. Underwood*, 487 U.S. 552, 565-66 n.2 (1988)). But the Commissioner does not explain what its

"reasonable basis in law and fact" was or provide any analysis as to why a reasonable person would have agreed. Instead, the Commissioner argues that because the Court did not affirm the remand decision and asked for additional briefing on Defendant's motion to dismiss, it was substantially justified. *See id.*

The burden is on the Commissioner and its circular argument is to no avail. The Court listed each alleged violation of ALJ procedures and potential constitutional violations in the Memorandum and Opinion on the Commissioner's Motion to Dismiss, finding each one more troublesome than the last. *See* Mem. Op. on MTD at 17-21. For example, Mr. Harvey alleged he was prevented from attending part of the SSA hearing in direct violation of his due process rights and that some portions of the substantive proceedings occurred off the record. The Commissioner's contention that Mr. Harvey's arguments were unsubstantiated and unverifiable was not substantially justified, because the very reason the arguments were unverifiable is because conversations improperly occurred off the record. Because the Commissioner offers no support for the claim that its position was substantially justified, an issue on which it bears the burden, the Court finds it was not.

### 4. *No Other Special Circumstance*

The Government makes no argument that special circumstances exist. Therefore, because Mr. Harvey was the prevailing party, fees were incurred, and the Commissioner has not demonstrated that its position was substantially justified, counsel for Mr. Harvey are entitled to an award of reasonable fees under the EAJA.

### B. **Reasonableness of Fees Requested**

The EAJA allows for the payment of "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). The Court begins the analysis of reasonableness by determining the number of hours reasonably expended and multiplying it by a reasonable hourly rate. *See Hensley v.*

*Eckerhart*, 461 U.S. 424, 433 (1983); *see also INS v. Jean*, 496 U.S. at 161 (applying *Hensley* to

EAJA attorneys' fees).  The Court must also consider if there are other factors that would cause

the Court to adjust the fee upward or downward, such as:  (1) the results obtained; (2) how much

of the requested relief was awarded; and (3) whether the party prevailed on all claims.  *See*

*Hensley*, 461 U.S. at 434-35.  A party seeking a fee award bears the burden to show the fees

were reasonable and must exercise judgment in billing and "maintain billing time records in a

manner that will enable a reviewing court to identify distinct claims."  *Id.* at 437.

Mr. Harvey argues that counsel obtained excellent results in his case and that all

fees incurred are reasonable.  Counsel for Mr. Harvey successfully defeated a motion to dismiss,

received remand to the agency, won on remand, and obtained an award of disability benefits.

*See* Fee Mem. at 11.  Mr. Harvey argues that the time spent by counsel was reasonable and a

direct result of the Commissioner's aggressive stance in this case, first by moving to dismiss and

then by filing an objection to the Report and Recommendation of the Magistrate Judge, who

recommended denying the Motion to Dismiss.  *See id*. at 13-15.  Because of the Commissioner's

litigation strategy, Mr. Harvey argues, his counsel was required to respond to additional rounds

of briefing.  Additionally, counsel note that the Commissioner repeatedly delayed the decision on

rehearing and award of benefits, which caused Plaintiff to file additional notices to the Court.

*See id*.  Finally, Mr. Harvey argues that counsel exercised reasonable billing judgment by

reducing the number of hours for which fees are sought, specifically hours spent on the EAJA

application, in settlement negotiations, and briefing various issues.[1]  *See id*. at 15-16.

---

[1] Counsel use the D.C. Circuit approved statutory rate of $125 with the Consumer Price Index (CPI-U) adjustment for each year work was performed.

The Commissioner argues that portions of counsel's hours were not reasonably expended and that counsel failed to provide sufficiently-detailed and contemporaneous information about the hours logged and work done.  *See* Opp'n at 10.  The Commissioner focuses on counsel's failure to "'maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney.'"  *Id.* (quoting *Norden v. Clough*, 674 F. Supp. 2d 126, 129 (D.D.C. 2009)); *see also Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982).[2]  The Commissioner also argues that Mr. Harvey's counsel expended hours unreasonably, such as by relying on inexperienced assistants or excessively billing for individual tasks.  The specific infirmities listed include:

- Ms. Sharon's hours billed between October 7, 2013 and April 7, 2015 and between October 27, 2015 and November 11, 2015 because they were not contemporaneously recorded;

- Mr. Levy's hours billed between March 25, 2015 and July 14, 2015 because they were not contemporaneously recorded;

- Mr. Patterson's hours billed for researching and drafting the initial complaint because they were not contemporaneously recorded;

- Billing for two attorneys to attend a 1.5 hour-long meeting with the client to discuss the January 2013 hearing (should only have billed for one counsel's attendance);

- 21 hours billed by two attorneys to research a single legal issue—a constitutional exception to the exhaustion of administrative remedies requirement—and to draft and edit the initial complaint (The Commissioner notes the initial complaint was eventually amended due to a failure "to articulate adequately their legal theory of the case."  Opp'n at 13.);

- Ms. Sharon's hours billed to research and draft an opposition to the Commissioner's Motion to Dismiss the initial complaint as an

---

[2] Mr. Harvey's counsel noted in their attorneys' fees submission that some of the time was not contemporaneously recorded.

unnecessary expense because an Amended Complaint was filed simultaneously with the opposition;

- Ms. Sharon's hours billed to draft the Amended Complaint, because it is duplicative of time spent drafting the opposition to the motion to dismiss;

- Mr. Levy and Ms. Sharon's hours billed to respond to the Commissioner's objections to the Magistrate Judge's Report and Recommendation, as duplicative because two counsel spent almost 50 hours drafting a 10-page document;

- Mr. Levy's hours billed responding to the Commissioner's Motion to Remand as unnecessary because remand was the remedy sought by Plaintiff;

- Ms. Sharon's hours billed reviewing Mr. Harvey's medical records as unjustified because the time entry does not specifically explain the reasons for the review or the number of pages reviewed; and

- Billing for hours spent after the remand proceeding, preparing status reports for this Court and resolving the final benefits payments issues with the Commissioner because those hours did not involve an issue relevant to a court-ordered change in legal status.

*See* Opp'n at 10-14.

The Court questions whether the time spent by the Commissioner to nitpick Plaintiff's counsel's fee petition would not have been better spent in negotiations with opposing counsel to agree on an appropriate fee amount and save the limited resources of the Court and all parties. Such an exaggerated list of "improper" billing undercuts the Commissioner's credibility. While a court "might, in determining the reasonableness of the hours reported, disallow time spent in duplicative, unorganized or otherwise unproductive effort[s]," there is no evidence in this case that counsel were unreasonably expending resources. *Jordan v. DOJ*, 691 F.2d 514, 518 (D.C. Cir. 1982). It is not uncommon, or unreasonable, for counsel to argue alternative results. The Court rejects the Commissioner's argument that preparing both an amended complaint and opposition to the motion to dismiss was unreasonable.

The Commissioner's arguments regarding the lack of contemporaneous billing fare no better. Contemporaneous recordings of time are preferred by courts when awarding attorney's fees because they provide a more accurate account of the actual work done. However, even the case cited by the Commissioner finds that denial of fees is a "stringent sanction, to be reserved for only the most severe of situations, and appropriately invoked only in very limited circumstances." *Id*. "Outright denial may be justified when the party seeking fees declines to proffer any substantiation in the form of affidavits, timesheets or the like, or when the application is grossly and intolerably exaggerated, or manifestly filed in bad faith." *Id*. The D.C. Circuit ultimately reversed the District Court in *Jordan*, finding that counsel's time was reasonable, explained through affidavits (although not always recorded contemporaneously), and already adjusted to remove duplicative time where appropriate. *See id*. at 520. Mr. Harvey also correctly notes that where a court wishes to decrease a fee award due to counsel's failure to contemporaneously record the time, the court does so by decreasing the overall award by a particular percentage. S*ee, e.g*, *Citizens for Responsibility & Ethics in Wash. v. DOJ*, 142 F. Supp. 3d 1, 14 (D.D.C. 2015) (reducing award by 18%).

The Court specifically notes that much of the time disputed by the Commissioner was time expended by Plaintiff's counsel in response to the Commissioner's litigating decisions. Only after the Commissioner refused to agree to a timetable for remand did counsel oppose the Commissioner's motion to remand. Additionally, counsel reasonably prepared status reports for the Court during the remand period to explain the delay and encourage implementation of the final judgment of the Commissioner on remand. The Court finds the attorneys' fees requested are reasonable and will award them in full.

## IV. CONCLUSION

The Court will vacate its April 29, 2016 Order, Dkt. 36, and grant the Joint Motion for Entry of Final Judgment, Dkt. 35. The Court will also grant Plaintiff's Application for Award of Attorneys' Fees under the Equal Access to Justice Act, Dkt. 38, and award attorneys' fees in the amount of $50,840.31. A memorializing Order accompanies this Opinion.

Date: June 13, 2017

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge